## IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA,
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **VANESSA McCANTS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.: 1:13-cv-393** |
| | ) | |
| **METAL SERVICES LLC d/b/a** | ) | |
| **PHOENIX SERVICES LLC/** | ) | |
| **THYSSENKRUPP INPLANT** | ) | |
| **SERVICES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Comes now Vanessa McCants (hereinafter "McCants" or "Plaintiff"), by and through her undersigned attorneys, and for her Complaint against Metal Services LLC d/b/a Phoenix Services LLC/ThyssenKrupp InPlant Services, LLC, (hereinafter "Metal Services" or "Defendant"), shows as follows:

**I.      INTRODUCTION**

1.      This is an action for declaratory judgment, legal and equitable relief and money damages associated with the unlawful discrimination on the basis of race, as well as retaliation, against the Plaintiff.  The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 2000e et seq. (hereinafter "Title VII"); and 42 U.S.C. § 1981 (hereinafter "§ 1981") which provide for relief against discrimination in employment on the basis of race.  The Plaintiff requests a trial by jury of all issues triable by a jury.  Further, the Plaintiff seeks attorneys fees and costs pursuant to 42 U.S.C. §1988.

## II        JURISDICTION AND VENUE

2.        Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 2000e-5.

3.        The unlawful employment practices alleged hereinbelow were committed by the defendant within Mobile County, Alabama.   Plaintiff resides in Mobile County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.       PARTIES

4.        Plaintiff Vanessa McCants ("McCants" or "Plaintiff") is an African-American, female citizen of the United States, and a resident of the State of Alabama.   At all times relevant to this action, Plaintiff was an employee of the Defendant.

5.        Defendant, Metal Services LLC d/b/a Phoenix Services LLC/ThyssenKrupp InPlant Services, LLC, (hereinafter "Metal Services" or "Defendant"), is a Delaware based business doing business and employing personnel in Mobile County, Alabama, and at all times relevant to this action, the Defendant was the employer of the Plaintiff within the meaning of 42 U.S.C. § 2000e(a) and (b), and 42 U.S.C. §1981.

6.        At all times relevant to this action, the Plaintiff was an employee of Defendant and was rightfully attempting to make and/or enforce the terms of contract(s) regarding her employment and/or the terms of her employment.

7.        Further, at all times relevant to this action, the Defendant has employed at least fifteen (15) or more employees.

**IV.      ADMINISTRATIVE EXHAUSTION**

8.      The Plaintiff has satisfied all conditions precedent required pursuant to Title VII. No such conditions precedent are required for Plaintiff's §1981 claims.

9.      On September 8, 2011, Plaintiff timely Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC")(Charge #425-2011-01078), in which she complained that the Defendant subjected her to racial discrimination in relation to the terms, conditions and benefits of her employment.  The EEOC found reasonable cause and issued a Determination on April 16, 2013, which states, in part, "The evidence of record establishes that the Charging Party was paid significantly less to perform similar duties as her White female comparator, an individual who was hired by the Respondent shortly after the Charging Party resigned her position with the Respondent due to her low salary."

10.     Plaintiff received a Notice of Rights from the E.E.O.C. dated May 7, 2013, and timely files her Title VII claims from the date of receipt of same.

**V.      STATEMENT OF FACTS AND CLAIMS**

11.     Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above with the same force and effect as if fully set out in specific detail hereinbelow.

12.     Plaintiff is an African-American female.

13.     Plaintiff was hired by the Defendant on or about January 4, 2010, as the Human Resources/Office Administration Manager. At the time of hire she was told her salary would be $65,000.00

14.     However, upon starting work for the Defendant, Plaintiff was given a salary of only $39,500.00.

15.     Throughout her employment, the Plaintiff repeatedly inquired to her supervision about the promised salary and requested to be placed at same.

16.     Plaintiff' request to receive the $65,000.00 salary promised was repeatedly denied.

17.     After her repeated attempts to receive the correct salary were denied, Plaintiff was constructively discharged on March 18, 2011, when she resigned as she could no longer reasonably continue to work at the lesser salary being provided to her.

18.     In Plaintiff's resignation letter she, again, requested that her salary be increased to the correct amount so that she could remain employed with the Defendant.

19.     Plaintiff received no response to her final request and, as such, was constructively discharged on or about March 18, 2011.

20.     The Plaintiff was thereafter replaced by Dana Faircloth, Caucasian.

21.     Faircloth assumed Plaintiff's position and was paid the $65,000.00 salary–the same amount which Plaintiff had been promised yet never received.

22.     Plaintiff was just as qualified for the position, if not more so, than Faircloth.

23.     Upon information and belief, Defendant has engaged in other acts of racially discriminatory employment decisions and therefore Plaintiff's treatment was part of a pattern and practice of racial discrimination.

24.     The Defendant's conduct as described above caused the Plaintiff loss of wages, loss of benefits, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

4

## COUNT I
## CLAIMS OF RACE DISCRIMINATION
## IN VIOLATION OF TITLE VII

25.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-23 above with the same force and effect as if fully set out in specific detail hereinbelow.

26.     The defendant unlawfully discriminated against the plaintiff on the basis of her race, African-American, with respect to her position, wages, benefits, constructive discharge, and other terms, conditions and benefits of her employment, as set out above.

27.     The Plaintiff was qualified to hold her position.

28.     The Plaintiff was paid less for performing the work of the position than was a similarly situated Caucasian employee.

29.     Plaintiff was as qualified, if not more qualified, than the Caucasian employee to which the higher rate of pay was given.

30.     As a result of the ongoing and continuing racial discrimination, Plaintiff was constructively discharged when she could no longer reasonably remain employed with the Defendant.

31.     The Defendant thus has violated the proscriptions against racial discrimination found in Title VII.

32.     The unlawful conduct of the Defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

33.     As the result of Defendant's conduct, Plaintiff was deprived of income and other benefits due her. The Defendant's conduct as described above caused the Plaintiff emotional

5

distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

34.     The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, and compensatory damages and a declaratory judgment is her only means of securing adequate relief.

35.     Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT II
## CLAIMS OF RACE DISCRIMINATION
## IN VIOLATION OF   42 U.S.C. §1981

36.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-34 above with the same force and effect as if fully set out in specific detail herein below.

37.     The defendant unlawfully discriminated against the plaintiff on the basis of her race, African-American, with respect to her position, wages, benefits, constructive discharge, and other terms, conditions and benefits of her employment, as set out above.

38.     The Plaintiff was qualified to hold her position.

39.     The Plaintiff was paid less for performing the work of the position than was a similarly situated Caucasian employee.

40.     Plaintiff was as qualified, if not more qualified, than the Caucasian employee to which the higher rate of pay was given.

41.     As a result of the ongoing and continuing racial discrimination, Plaintiff was constructively discharged when she could no longer reasonably remain employed with the Defendant.

42.     The Defendant thus has violated the proscriptions against racial discrimination and retaliation found in 42 U.S.C. §1981.

43.     The unlawful conduct of the Defendant, as described above, was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

44.     As the result of Defendant's conduct, Plaintiff was deprived of income and other benefits due her. The Defendant's conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

45.     The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, and compensatory damages and a declaratory judgment is her only means of securing adequate relief.

46.     Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

47.     Plaintiff suffered damages as a proximate result of these violations, which were caused by Defendant's policy or custom and/or a failure to adequately train caused by deliberate indifference to the Plaintiff's rights and/or by deliberate indifference to those violations.

48.     The unlawful conduct of the Defendant, as described above, constitutes a custom or policy of the Defendant for allowing acts of racial discrimination in violation of its employees' federally protected rights.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Grant Plaintiff a declaratory judgment holding that actions of Defendant, described herein above, violated and continue to violate the rights of the Plaintiff as secured by Title VII, and 42 U.S.C. §1981.

2.     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those action in concert with Defendant and on the Defendant's behalf from continuing to violate Title VII and 42 U.S.C. §1981.

3.     Grant the Plaintiff an Order requiring the Defendant to make Plaintiff whole by awarding her the position she would have occupied in the absence of racial discrimination (or front pay), backpay (plus interest), compensatory, punitive, and/or nominal damages, and loss of benefits.

4.     The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

s/ Temple D. Trueblood
Temple D. Trueblood (TRUE0355)
Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama   35203
(205) 314-0500

OF COUNSEL:
HENRY BREWSTER, L.L.C.
205 North Conception Street
Mobile, Alabama 36603
(251) 338-0630

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

s/ Temple D. Trueblood
OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon the named Defendant the following: Summons and Complaint.**

**Defendant's Address:**
**Metal Services LLC d/b/a Phoenix**
**    InPlant Services, LLC/Thyssenkrup**
**    Inplant Services, LLC,**
**c/o Registered Agent**
**CSC Lawyers Incorporating Service, Inc.**
**150 South Perry Street**
**Montgomery, Alabama 36104**

s/ Temple D. Trueblood
OF COUNSEL

9